UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                           :

UNITED STATES OF AMERICA,         :

                                :

        *– against –*         :        S4 08 Cr. 1213 (JFK)

                                :

JAMAL YOUSEF,                :

               Defendant.     :

                                :

--------------------------------------------------------x

## DEFENDANT'S PROPOSED REVISIONS AND ADDITIONS
## TO THE GOVERNMENT'S REQUEST TO CHARGE

Joshua L. Dratel, Esq.
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
Tel: (212) 732-0707
jdratel@dratelmys.com

Melinda Sarafa, Esq.
SARAFA LAW LLC
80 Pine Street, 33rd Floor
New York, New York 10005
Tel: (212)785-7575
msarafa@sarafalaw.com

*Attorneys for Defendant Jamal Yousef*

– Of Counsel –

Joshua L. Dratel
Melinda Sarafa
Lindsay A. Lewis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

      -v.-                          :      S4 08 Cr. 1213 (JFK)

JAMAL YOUSEF,                       :
    a/k/a "Talal Hassan Ghantou,"
                        :
         Defendant.
                        :

- - - - - - - - - - - - - - - - - -x

Field Code Changed

## GOVERNMENT'S REQUESTS TO CHARGE

                            PREET BHARARA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the United States
                                of America

JEFFREY A. BROWN
JENNA M. DABBS
Assistant United States Attorneys

- 1 -

**- Of Counsel -**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

       -v.-                     :    S4 08 Cr. 1213 (JFK)

JAMAL YOUSEF,                      :
    a/k/a "Talal Hassan Ghantou,"
                      :
        Defendant.
                      :
- - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following instructions in its charge to the jury. The Government also requests leave to offer such additional instructions as may become appropriate during the course of the trial.

- 2 -

**TABLE OF CONTENTS**

Request No.
     Page

1...............................................General Requests    1

2......................................Summary of the Indictment    2

Count One: Conspiracy to Distribute or Possess with the
Intent to Distribute Narcotics, Knowing or Intending
to Provide Something of Pecuniary Value to a Terrorist
Organization

3.................................................The Indictment    3

4.........................................Elements of the Offense    4

5....................First Element:  Existence of the Conspiracy    6

6................Object of the Conspiracy - General Instructions    10

7.............Object of the Conspiracy - Elements of the Offense    11

8.   Object of the Conspiracy - Distributing or Possessing
..................................with the Intent to Distribute    13

9.........................Object of the Conspiracy - Definitions    15

10........................Object of the Conspiracy - Definitions    19

11.......................Object of the Conspiracy - Jurisdiction    22

12.................Second Element:  Membership in the Conspiracy    24

13..........................................Special Interrogatory    28

Count Two: Conspiracy to Provide Material Support
or Resources to a Foreign Terrorist Organization

14................................................The Indictment    31

15...........................................Elements of the Offense    32

16...................................................First Element:    Existence of the Conspiracy

17...............Object of the Conspiracy - General Instructions    34

18............Object of the Conspiracy - Elements of the Offense    35

19...................Object of the Conspiracy - Material Support    36

20.  Object of the Conspiracy - Foreign Terrorist .....................................................Organization    38

21..........................Object of the Conspiracy - Knowledge    39

22......................Object of the Conspiracy - Jurisdiction    41

23................Second Element:   Membership in the Conspiracy    43

General Instructions

24..........................................................Venue    45

25.............................................Variance In Dates    46

26.........................................Government Informants    47

27.................................Use of Undercover Operations    49

28............................Use Of Recordings And Transcripts    50

29..........................Evidence Obtained Pursuant To Search    53

30...............Particular Investigative Techniques Not Required    54

31.................................Statements of the Defendant    55

32.......................................Preparation Of Witnesses    56

33........................................Stipulation Of Facts    57

34.......................................Stipulation of Testimony    58

35..........................................Persons Not On Trial    59

36..........................................Defendant's Testimony    60

37...............................Defendant's Right Not to Testify    61

38........................Acts and Statements of Co-conspirators    62

39...........................................Character Testimony    64

40..............Uncalled Witness Equally Available To Both Sides    65

41....................................Law Enforcement Witnesses    66

42.....................Limiting Instruction: Other Act Evidence    67

43.  Punishment Is Not To Be Considered By The Jury............69

44....................................Sympathy: Oath As Jurors    70

45.  Right To Hear Testimony; Communications With The
...............................................Court; Note-Taking    71

46...................................Verdict Must Be Unanimous    73

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

   a.   Function of Court and Jury

   b.   Indictment Not Evidence

   c.   Statements of Court and Counsel Not Evidence

   d.   Burden of Proof and Presumption Of Innocence

   e.   Reasonable Doubt

   f.   Jury's Recollection Controls

   g.   Government Treated Like Any Other Party

   h.   Definitions, Explanations, and Example Of
        Direct and Circumstantial Evidence

   i.   Inferences

   j.   Credibility Of Witnesses

- 1 -

**REQUEST NO. 2**

**Summary of the Indictment**

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  You may not consider the fact that the defendant has been indicted when determining whether the Government has proven the charges beyond a reasonable doubt.

The Indictment in this case contains two counts.

Count One charges the defendant with conspiring to distribute and possess with the intent to distribute narcotics, knowing or intending to provide something of pecuniary value to a terrorist organization; namely, the Fuerzas Armadas Revolucionarias de Colombia (or "FARC").

Count Two charges the defendant with conspiring to provide material support or resources to a foreign terrorist organization; namely, the FARC.

Both Counts cover the time period from at least in or about July 2008, up to and including in or about July 2009.

Mr. Yousef has pleaded not guilty as to both counts in the Indictment.  As a result, the government bears the burden of

- 2 -

proving each of the elements of those offenses, as I will define them, beyond a reasonable doubt.

I will be instructing you on the law Count by Count. I will begin with the legal instructions on Count One.

- 3 -

**REQUEST NO. 3**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**The Indictment**

Count One charges that from in or about July 2008, up to and including in or about July 2009, the defendant participated in a conspiracy to distribute or possess with the intent to distribute five kilograms or more of cocaine, knowing or intending to provide something of pecuniary value to the FARC, which is alleged to be an organization that has engaged or engages in terrorist activity or terrorism, in violation of Title 21, United States Code, Section 960a.

Specifically, Count One charges, and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read
> Count One of the Indictment.]*

- 4 -

**REQUEST NO. 4**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Elements of the Offense**

In order to sustain its burden of proof with respect to the charge in Count One, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in Count One. In other words, the Government must prove that there was, in fact, an agreement or understanding between two or more people, not working on behalf of the government, to distribute or possess with the intent to distribute narcotics, knowing or intending to provide something of pecuniary value to a terrorist organization. Therefore, the first question for you on Count One is: Did the conspiracy alleged in Count One of the Indictment exist?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally became a member of the conspiracy charged in Count One of the Indictment. That is, the Government must prove that the defendant knowingly and intentionally associated himself with

- 5 -

the conspiracy, and participated in the conspiracy charged in Count One of the Indictment.

Now let us separately consider the two elements. First, the existence of the conspiracy; and second, whether the defendant knowingly and intentionally associated himself with, and participated in, the conspiracy.

- 6 -

**REQUEST NO. 5**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**First Element:  Existence of the Conspiracy**

With respect to Count One, the first element is that the conspiracy existed.  I will begin by discussing the concept of conspiracy.

What is a conspiracy?  A conspiracy is a kind of criminal partnership — an agreement or understanding between two or more people to accomplish some unlawful purpose.  This agreement or understanding must be between individuals not operating under the direction of the Government at the time of the agreement.  Consequently, the following persons cannot qualify as conspirators:  [list government informants].

In this instance, the conspiracy in Count One is alleged to be an agreement to distribute or possess with the intent to distribute narcotics, knowing or intending to provide something of pecuniary value to a terrorist organization, namely, the FARC.

The gist, or the essence, of the crime of conspiracy is an unlawful agreement to violate the law.  The

- 7 -

success of the conspiracy — the actual commission of the act which is the object of the conspiracy — is not an essential element of that crime.

The conspiracy is the <u>agreement</u> to commit the crime.  It is an entirely distinct and separate offense from the <u>actual</u> commission of the crime.  Therefore, for example, you may find the defendant guilty of the crime of conspiring to engage in narcotics trafficking, knowing or intending to provide something of pecuniary value to a terrorist organization — regardless of whether any narcotics were actually possessed or distributed, and regardless of whether anything of value was actually provided to a terrorist organization.

Congress has deemed it appropriate to make conspiracy, standing alone, its own separate crime — whether or not the conspiracy was successful in achieving its purpose.

To establish the existence of a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a contract, orally or in writing, stating that they had formed a conspiracy and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  Common sense tells you that criminal

- 8 -

co-conspirators do not usually reduce their agreements to writing, or publicly broadcast their plans.  ~~It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.~~

In order to show that a conspiracy existed, the evidence must show that two or more people not working on behalf of the government — in some way or manner, through any means, explicitly, implicitly, or even tacitly — came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged, you may judge the acts and the conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.  ~~The old adage, "actions speak louder than words" applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  However, when taken all together, and with the reasonable inferences that flow from them, those acts and conduct may show a criminal agreement as satisfactorily and conclusively as would direct proof.~~

- 9 -

So, you must first determine whether or not the government has proofved established beyond a reasonable doubt the existence of the conspiracy as charged in Count One of the Indictment.

In considering this first element, you should consider all the evidence which has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them. It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way — that is, that they agreed, as I have explained the conspiratorial agreement to you, to work together in furtherance of the unlawful scheme alleged in Count One of the Indictment.

> Adapted from the charges of the Honorable Jed S. Rakoff in United States v. Umeh, 09 Cr. 524 (JSR) (S.D.N.Y. 2011); the Honorable John G. Koeltl in United States v. Sattar, S1 02 Cr. 395 (JGK) (S.D.N.Y. 2005); the Honorable John F. Keenan in United States v. Roth, 01 Cr. 401 (JFK) (S.D.N.Y. 2002); the Honorable John F. Keenan in United States v. Haouari, 00 Cr. 15 (JFK) (S.D.N.Y. 2001); and the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). See generally United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present

evidence of an explicit agreement; proof of a
tacit understanding will suffice.  The
conspirators need not have agreed on the details
of the conspiracy, so long as they have agreed on
the essential nature of the plan, and their goals
need not be congruent, so long as they are not at
cross-purposes.") (citations omitted); United
States v. Montour, 944 F.2d 1019, 1025 (2d Cir.
1991) ("To prove the existence of an agreement,
the government need not present evidence of a
formal arrangement between the co-conspirators.
Rather, it is sufficient if the government can
demonstrate that the defendant acted together
with others to realize a common goal.")
(citations omitted).

- 11 -

**REQUEST NO. 6**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Object of the Conspiracy - General Instructions**

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  The conspiracy charged in Count One of the Indictment had one object: to distribute or possess with the intent to distribute five kilograms or more of cocaine, knowing or intending to provide something of pecuniary value to the FARC.  In this case, the "something of pecuniary value" is alleged to be weapons.

If you find that the government has proved beyond a reasonable doubt that the defendant agreed to commit the object of the conspiracy charged in Count One, whether or not that objective was in fact accomplished, then the illegal purpose element of the conspiracy charged in Count One is satisfied.

On the other hand, if the Government fails to prove beyond a reasonable doubt that the defendant agreed to commit the object of the conspiracy charged in Count One, then you must find the defendant not guilty of the conspiracy charged in Count One.

- 12 -

I will now instruct you on the elements of the crime that underlies the object of the conspiracy charged in Count One; namely, distributing or possessing with the intent to distribute narcotics, knowing or intending to provide something of pecuniary value to an organization that has engaged or engages in terrorist activity or terrorism.

### REQUEST NO. 7

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Object of the Conspiracy – Elements of the Offense**

The elements of the offense of distributing or possessing with the intent to distribute narcotics, knowing or intending to provide something of pecuniary value – in this case, weapons – to ~~to~~ an organization that has engaged or engages in terrorist activity or terrorism, each of which the Government must prove beyond a reasonable doubt, are as follows:

First, the defendant knowingly and intentionally entered into an agreement to distribute or possess with the intent to distribute a controlled substance, which in this case is alleged to be cocaine;

Second, the defendant either knew that he would provide, or intended to provide, something of pecuniary value –

– 13 –

again, alleged in this case to be weapons – either , either

directly or indirectly, to any person or organization that has

either engaged in or is engaging in terrorist activity or

terrorism;

Third, the defendant knew that the intended

recipient person or organization has either engaged in or

engages in terrorist activity or terrorism; and

Fourth, one of the jurisdictional requirements,

which I will explain shortly, has been satisfied.

I will now discuss each element separately.

Adapted from the charge of the Honorable
Colleen Kollar-Kotelly in United States v.
Khan Mohammed, Cr. No. 06-357 (D.D.C. 2008);
see also 21 U.S.C. § 960a(a) & (c).

- 14 -

**REQUEST NO. 8**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Object of the Conspiracy**

**Distributing or Possessing with the Intent
to Distribute a Controlled Substance**

To establish the first element, the Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into an agreement to distribute or possess with the intent to distribute a controlled substance.

The Government is not required to prove that the defendant knew the precise type of controlled substance that was to be distributed. The Government must prove beyond a reasonable doubt, however, that the defendant knew that some type of controlled substance would be distributed or possessed. Federal law provides that cocaine is a controlled substance.

Let me note that the Government only has to prove that the defendant conspired to distribute the controlled substance or that he conspired to possess the controlled substance with the intent to distribute it. The Government does not need to prove both.

> **Comment [jld1]:** The defense objects to this language and submits that the defendant must possess specific intent to join the charged conspiracy to further its particular objective, including the type of controlled substance that was to be distributed.

- 15 -

Let me also note that the actual quantity of the controlled substance involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity in determining whether the defendant is guilty or not guilty of Count One.  In deciding whether ~~To determine whether~~ the defendant is guilty of Count One, you need to determine whether the government has proved~~only find~~ beyond a reasonable doubt that the defendant knowingly and intentionally entered into a conspiracy to distribute, or possess with the intent to distribute, some amount of a controlled substance, allegedly cocaine in this case, knowing or intending to provide something of pecuniary value – weapons – to ~~to~~ a terrorist organization.

As I will explain later, however, if you do find that the Government has proven the elements of Count One beyond a reasonable doubt, you will then be asked to make a finding about the type and quantity of the controlled substance involved in the conspiracy.

Adapted from the charges of the Honorable Laura Taylor Swain in United States v. Jose Ovalle, 02 Cr. 975 (LTS) (S.D.N.Y. 2003); the Honorable Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (KTD)

- 16 -

(S.D.N.Y. 1993) and in United States v. Ogarro, 92 Cr. 114 (KTD) (S.D.N.Y. 1992); the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); see also Sand, Modern Federal Jury Instructions, Instr. 19-4.

- 17 -

**REQUEST NO. 9**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Object of the Conspiracy**

**Definitions of "Distribution" and
"Possession With Intent to Distribute"**

"Distribution"

The word "distribution" means the actual, constructive or attempted transfer of the drug.  To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another.  Distribution does not require a sale. The Government need not prove that the defendant received or expected to receive anything of value in return.

"Possession With Intent to Distribute"

What does "possession with intent to distribute" mean?  I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

"Possession"

- 18 -

The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  However, a person need not have actual, physical possession, that is, physical custody of an object, in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article. This is called constructive possession.

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody.  The person having control over an object possesses it because he ~~has an effective working relationship with the person who has actual physical custody of it, and because he~~ can direct the movement, transfer or disposition of the object.  In this manner, a businessman may possess things that are scattered throughout a number of stores or offices or installations around and about a city or a country.

- 19 -

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.  That is what is meant by "possession."

"Intent to Distribute"

"Possession with intent to distribute," means that the defendant possessed the substance with a state of mind or purpose to transfer it to another person.

Because no one can read a defendant's mind, the determination as to the defendant's intent is inferred from his behavior.  Basically, the question with regard to the intent aspect of the underlying offense is whether any drugs in the defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use, or were for the purpose of distribution or delivery to another.

~~Often it~~It is possible to make the determination as to whether drugs were possessed "with intent to distribute" from

- 20 -

the quantity of drugs that the defendant may have possessed, although the possession of a large quantity of narcotics does not necessarily mean that the defendant intended to distribute them.  On the other hand, the defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it.  Other physical evidence, such as possession of vehicles for the transportation of drugs, can show an intent to distribute.  ThereIt might also be evidence, or lack of evidence, of a plan or a scheme to distribute.  You should make your decision about whether the Government has proven beyond a reasonable doubt that the defendant committed the offense charged in Count One of the Indictment from all of the evidence, or lack of evidence, presented in this case.

> Adapted from the charges of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992); and the
> Honorable John M. Walker in United States v.
> Torres, 87 Cr. 593 (JMW) (S.D.N.Y.), aff'd,
> 901 F.2d 205, 221, 243-44 (2d Cir. 1988)
> (specifically approving charge on
> possession), cert. denied, 111 S. Ct. 273

- 21 -

(1990).  See also Sand, Modern Federal Jury

Instructions, Instr. 56-9, 56-12, 56-13.

- 22 -

**REQUEST NO. 10**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Object of the Conspiracy**

**Definitions of "Anything of Pecuniary Value,"
"Terrorist Activity," and "Terrorism"**

The Government must also prove beyond a reasonable doubt that the defendant either knew that he would provide, or intended to provide, something of pecuniary value – in this case, allegedly weapons – either , either directly or indirectly, to any person or organization that has either engaged in or is engaging in terrorist activity or terrorism.

And the Government must also prove beyond a reasonable doubt that the defendant knew that the intended recipient person or organization has either engaged in or engages in terrorist activity or terrorism.

I will now define some of these terms.

The term "anything of pecuniary value" in this case refers to weapons, as described in the Indictment. means "anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary

- 23 -

~~significance of which is economic advantage."  The term is~~

~~interpreted broadly, and may include anything of economic value.~~

The term "terrorist activity" means any activity (or a threat, attempt or conspiracy to commit an activity) which would be unlawful had it occurred in the United States, and which involves any one of the following:

> 1) the hijacking or sabotage of any conveyance (including an aircraft, vessel or vehicle);
>
> 2) an assassination;
>
> 3) a violent attack upon an internationally protected person (meaning a Chief of State or any representative, officer, employee or agent of the U.S. government, a foreign government, or an international organization who, at the time and place concerned is entitled pursuant to international law to special protection against attack upon his person, freedom, or dignity, and any member of his family then forming part of his household), or the liberty of such person; or
>
> 4) the use of any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The phrase "engaging in terrorist activity" means any one of the following:

- 24 -

1) to commit or to incite to commit, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity;

2) to prepare or plan a terrorist activity;

3) to gather information on potential targets for terrorist activity;

4) to solicit any individual to engage in the types of conduct I have described; or

5) to commit an act that the actor knows, or reasonably should know, affords material support, including a safe house, transportation, communications, funds, transfer of funds or other material financial benefit, false documentation or identification, weapons, explosives, or training—

> (a)  for the commission of a terrorist activity;
>
> (b)  to any individual who the actor knows, or reasonably should know, has committed or plans to commit a terrorist activity; or
>
> (c)  to a terrorist organization, or to any member of such an organization, unless the actor can demonstrate by clear and convincing evidence that the actor did not know, and should not reasonably have known, that the organization was a terrorist organization.

- 25 -

The term "terrorist organization" is a group of two or more individuals, whether organized or not, which engages in, or has a subgroup which engages in, "terrorist activity."

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

> Adapted from the charge of the Honorable Colleen Kollar-Kotelly in United States v. Khan Mohammed, Cr. No. 06-357 (D.D.C. 2008); see also United States v. Hardwick, 523 F.3d 94 (2d Cir. 2008) (definition of "anything of pecuniary value"); 21 U.S.C. § 960a(a), (c), & (d); 18 U.S.C. § 1958(b)(1); 8 U.S.C. § 1182(a)(3)(B); 22 U.S.C. § 2656f(d)(2).

**REQUEST NO. 11**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Object of the Conspiracy**

**Jurisdiction**

For the purposes of this case, the Government must
also prove beyond a reasonable doubt that one of the following
two jurisdictional requirements has been satisfied:

1)    After the conduct required for the offense
occurs an offender is brought into or found in the United
States, even if the conduct required for the offense occurs
outside the United States;

2)    The offense, the prohibited drug activity, or
the terrorist offense occurs in or affects interstate or foreign
commerce.

The term "interstate or foreign commerce" includes
the movement of goods, services, money and individuals between
any combination of states, territories or possessions of the
United States, or between the United States and a foreign
country.  The Government must prove beyond a reasonable doubt
that the offense could have a potential impact on interstate or

- 27 -

foreign commerce in any way, no matter how minimal.  It is not necessary to prove that the acts of the defendant affected interstate or foreign commerce as long as the government proves beyond a reasonable doubt that the offense as a whole could have had such a potential effect.  Finally, the Government is not required to prove that the defendant knew that he was affecting or could potentially affect interstate or foreign commerce.

The prosecution has satisfied its burden if you find that is has proved beyond a reasonable doubt that either of these two jurisdictional requirements has been satisfied.  As part of your finding, you must unanimously agree as to which of the requirements, or both, has been satisfied.

> See 21 U.S.C. § 960a(b) (setting out jurisdictional elements); Sand, Modern Federal Jury Instructions, Instr. 52-5, 52-30  (definition of "interstate and foreign commerce" for RICO offenses); United States v. Taylor, 480 F.3d 1025 (11th Cir. 2007) (interstate nexus for Hobbs Act conspiracy can be proved by showing a "potential impact" on interstate commerce).

- 28 -

**REQUEST NO. 12**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Second Element:  Membership in the Conspiracy**

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy charged in Count One existed, you must then consider whether the Government has also proved beyond a reasonable doubt that the defendant intentionally and knowingly participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objectives.

"Intentionally" means to act deliberately and with a bad purpose, rather than innocently.

"Knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence.

Now, knowledge is a matter of inference from the proven facts.  We cannot look into a person's mind and know what that person is thinking.  However, you do have before you the evidence of certain acts involving the defendant which are

- 29 -

~~alleged to have taken place.~~  The Government contends that ~~these~~certain ~~acts~~acts show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy. On the other hand, the defendant contends that he was not aware that any controlled substances were to be involved in the alleged transaction charged in Count One.

It is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of membership on his part.  Nor does the defendant need to know the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary that the defendant know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy, so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of the defendant's participation in the conspiracy has no bearing on the issue of the defendant's guilt.  The defendant need not have joined the conspiracy at the outset.  The defendant may have joined it for any illegal purpose at any time in its progress, and the

- 30 -

defendant will still be held responsible for all that was done before he joined — and all that was done during the conspiracy's existence while the defendant was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others may play minor roles.  An equal role is not what the law requires.  In fact, even a single act by the defendant may be sufficient to draw ~~the defendant~~him within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy, even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes and with the speficic ~~an~~ intent to aid in the accomplishment of its unlawful objectives.

In sum, in order to satisfy the second essential element of Count One of the Indictment, you must find beyond a

- 31 -

reasonable doubt that the defendant, with an understanding of the unlawful character of the charged conspiracy, intentionally joined and participated in the conspiracy for the purpose of furthering its unlawful objective of distributing or possessing with the intent to distribute cocaine~~narcotics~~, knowing or intending to provide weapons~~something of pecuniary value~~ to a terrorist organization.  If the defendant did so, the defendant thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

Knowledge or intent to join any conspiracy, or to agree to commit *any* crime, is not sufficient.  The government must prove beyond a reasonable doubt that the defendant agreed to join the specific conspiracy charged in Count One.  Thus, if the government proves beyond a reasonable doubt that the defendant agreed to sell weapons, but *fails* to prove beyond a reasonable doubt that he also agreed to possess or possess with intent to distribute cocaine, you must find him not guilty.

Likewise, if the government fails to prove beyond a reasonable doubt that the defendant agreed or intended to provide actual weapons to FARC (or the government agent posing as a representative of FARC), you must find him not guilty.

**Formatted:** Font: Italic

**Formatted:** Font: Italic

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that person withdrew and disassociated himself from it.

> Adapted from the charges of the Honorable Jed S. Rakoff in United States v. Umeh, 09 Cr. 524 (JSR) (S.D.N.Y. 2011); the Honorable John F. Keenan in United States v. Haouari, 00 Cr. 15 (JFK) (S.D.N.Y. 2001); and the Honorable Leonard B. Sand in United States v. Rios, No. 91 Cr. 914 (LBS) (S.D.N.Y. 1992).  See generally United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).

- 33 -

**REQUEST NO. 13**

**Count One: Conspiracy to Distribute or Possess
with the Intent to Distribute Narcotics,
Knowing or Intending to Provide Something of Pecuniary
Value to a Terrorist Organization (21 U.S.C. § 960a)**

**Special Interrogatory on Drug Type and Quantity**

With respect to the conspiracy charged in Count One, if you find that the Government has proven the two elements beyond a reasonable doubt – the existence of the conspiracy and the defendant's membership in that conspiracy – and also that the Government has proven beyond a reasonable doubt one or both of the required jurisdictional elements, then you must find the defendant guilty of Count One of the Indictment and indicate your verdict on the verdict form, which I will provide to you.

If you find that the Government has proven beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must then determine the type of controlled substance involved in the conspiracy.

If the government has not proved beyond a reasonable doubt that the defendant agreed and intended that the controlled substance involved in the charged conspiracy was cocaine, you must find him not guilty. If, and only if, you find that the Government has proven beyond a reasonable doubt that

- 34 -

cocaine was the controlled substance involved in the conspiracy, I will then ask you to make a finding regarding the quantity of cocaine in the conspiracy.  You need not, however, determine the precise quantity.  Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established beyond a reasonable doubt that the conspiracy involved either (1) some amount less than 500 grams of cocaine~~5 kilograms or more of cocaine~~, (2) between 500 grams and five kilograms of cocaine, or (3) 5 kilograms or more of cocaine ~~some amount less than 500 grams of cocaine~~.  The verdict form that I will submit to you will have a place where you can answer those questions.

Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the conspiracy involved 5 kilograms or more of cocaine, you should indicate 5 kilograms or more of cocaine. If, however, some jurors conclude that the conspiracy involved 5 kilograms or more of cocaine and the rest of the jurors conclude that it involved between 500 grams and 5 kilograms of cocaine, you may not indicate that the conspiracy involved 5 kilograms or more.  Under those circumstances, however, you may indicate at

- 35 -

least 500 grams of cocaine, because all of you would be in

agreement that the conspiracy involved at least 500 grams of

cocaine.  If you conclude that the Government has not proved

that the conspiracy involved at least 500 grams of cocaine, then

you may indicate that on the verdict form.  Your determination

regarding drug quantity must be based on a unanimous verdict

regarding what, if any, quantity the government has proved

beyond a reasonable doubt. unanimous and must be reached beyond a

reasonable doubt.

        In this regard, a defendant is responsible for all
quantities of cocaine which he personally agreed to distribute
or possess with intent to distribute.  In addition, a defendant
is also responsible for any quantity of cocaine that his co-
conspirators agreed to distribute or possess with intent to
distribute if those quantities were known or reasonably
foreseeable to the defendant, and were within the scope of the
criminal activity that he jointly undertook.

        Adapted from the charges of the Honorable
        Michael B. Mukasey in United States v.
        Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000),
        and United States v. Moyhernandez, 97 Cr.
        197 (S.D.N.Y. 2000) (MBM).

- 36 -

**REQUEST NO. 14**

**Count Two: Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**The Indictment**

Count Two charges that from in or about July 2008, up to and including in or about July 2009, the defendant participated in a conspiracy to provide material support or resources to a designated foreign terrorist organization – in this case, the FARC – in violation of Title 18, United States Code, Section 2339B.

Specifically, Count Two charges, and I am reading now from the indictment, that:

> *[The Court is respectfully requested to read*
> *Count Two of the Indictment.]*

- 37 -

**REQUEST NO. 15**

**Count Two: Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**Elements of the Offense**

Like Count One, Count Two of the Indictment charges a conspiracy. Therefore, the elements of Count Two are similar to the elements of Count One. In order to sustain its burden of proof with respect to the charge in Count Two, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in Count Two. In other words, the Government must prove that there was, in fact, an agreement or understanding between two or more people to provide material support or resources to a foreign terrorist organization. Therefore, as with Count One, the first question for you on Count Two is: Did the conspiracy alleged in Count Two of the Indictment exist?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally became a member of the conspiracy charged in Count Two of the Indictment. That is, the Government must prove that the defendant knowingly associated himself with the conspiracy, and

- 38 -

participated in the conspiracy charged in Count Two of the

Indictment.

**REQUEST NO. 16**

**Count Two: Conspiracy to Provide Material Support or Resources
to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**First Element:  Existence of the Conspiracy**

The same principles of the law of conspiracy that I explained to you with regard to Count One also apply to Count Two.  For the sake of brevity, I will not repeat them again. Instead, I will discuss the object of the conspiracy charged in Count Two – to provide material support or resources to a foreign terrorist organization - which is different than the object of the conspiracy charged in Count One.  The Government must prove each of the elements of this offense beyond a reasonable doubt.

- 40 -

**REQUEST NO. 17**

**Count Two: Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**Object of the Conspiracy - General Instructions**

The conspiracy charged in Count Two of the Indictment has one object: to provide material support or resources to the FARC.

If you find that the government has proved beyond a reasonable doubt that the defendant agreed to commit the object of the conspiracy charged in Count Two, whether or not that objective was in fact accomplished, then the illegal purpose element of the conspiracy charged in Count Two is satisfied.

On the other hand, if the Government fails to prove beyond a reasonable dobut that the defendant agreed to commit the object of the conspiracy charged in Count Two, then you must find the defendant not guilty of the conspiracy charged in Count Two.

I will now instruct you on the elements of the crime that underlies the object of the conspiracy charged in Count Two; namely, providing material support or resources to a foreign terrorist organization.

- 41 -

**REQUEST NO. 18**

**Count Two: Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**Object of the Conspiracy - Elements of the Offense**

The elements of the offense of providing material support or resources to a foreign terrorist organization, each of which the Government must prove beyond a reasonable doubt, are as follows:

First, the defendant entered into an agreement to provide material support or resources;

Second, the defendant knew or intended that the support or resources were to be provided to an officially designated foreign terrorist organization;

Third, the defendant knew either that the organization that received the material support or resources had been designated by the United States government as a terrorist organization, or that the organization engaged in terrorism or terrorist activity; ~~possessed the requisite level of knowledge about the organization that was to receive the material support or resources;~~ and

Fourth, one of the jurisdictional requirements, which I will explain shortly, has been satisfied.

- 42 -

Adapted from the charges of the Honorable
Loretta A. Preska in United States v. Sabir,
05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the
Honorable Sidney H. Stein in United States
v. Paracha, 03 Cr. 1197 (S.D.N.Y. 2005); see
also 18 U.S.C. § 2339B(a)(1).

- 43 -

**REQUEST NO. 19**

**Count Two: Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**Object of the Conspiracy**

**Definition of "Providing Material Support"**

I will now define the phrase "providing material support or resources."

The defendant agreed to "provide" material support or resources if he agreed to make available, send, or physically transfer the support or resources to a Foreign Terrorist Organization.

The term "material support or resources" is defined by the statute to include "any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, and transportation." It does not include medicine or religious materials.

In this case, the material support the government alleges the defendant provided consisted of weapons.

See 18 U.S.C. § 2339B(g) (indicating that the definition of "material support or

- 44 -

resources" set forth at 18 U.S.C. § 2339A(b) applies to offenses charged under 18 U.S.C. § 2339B(g)); United States v. Sattar, 314 F. Supp. 2d 279, 297 (S.D.N.Y. 2004) ("The term 'provides' is not defined in § 2339A.  Where words in a statute are not defined, they must be given their ordinary meaning.  The plain and ordinary meaning of the transitive verb 'provide' is '[t]o furnish; supply . . . [t]o make ready . . . [t]o make available; afford.'") (other internal quotation marks and citations omitted).

- 45 -

**REQUEST NO. 20**

**Count Two: Conspiracy to Provide Material Support or Resources
to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**Object of the Conspiracy**

**Foreign Terrorist Organization**

For an organization to qualify as a "foreign
terrorist organization," it must have been designated as such by
the Secretary of State.

The parties have stipulated that the FARC has been
designated as a foreign terrorist organization by the Secretary
of State, and was so designated by the Secretary throughout the
period covered by the Indictment.

> Adapted from the charges of the Honorable
> Loretta A. Preska in United States v. Sabir,
> 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the
> Honorable Sidney H. Stein in United States
> v. Paracha, 03 Cr. 1197 (S.D.N.Y. 2005).

- 46 -

**REQUEST NO. 21**

**Count Two: Conspiracy to Provide Material Support or Resources
to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**Object of the Conspiracy**

**Knowledge**

The Government must also prove beyond a reasonable
doubt that, in providing or attempting to provide material
support or resources, the defendant acted with the required
~~requisite~~ level of knowledge about the organization that was to
receive the material support or resources.

To establish this, the Government must prove that,
during the course of the charged crime, the defendant knew <u>one</u>
of the following three things – <u>either</u> (1) that the FARC had
been designated by the Secretary of State as a "foreign
terrorist organization," <u>or</u> (2) that the FARC engaged in
"terrorist activity," <u>or</u> (3) that the FARC engaged in
"terrorism."

For these purposes, the terms "terrorism" and
"terrorist activity" have the same definitions I gave before for
Count One.

Accordingly, as to Count Two, the Government has
satisfied its burden of proof with respect to the third element

- 47 -

if you conclude beyond a reasonable doubt that, during the course of the conspiracy, the defendant had specific knowledge that the FARC had been designated a foreign terrorist organization by the United States government, or that the FARC engaged in terrorist acts of the type I have listed, or that the FARC engaged in "terrorism" as I have defined that term.

As part of your finding, you must unanimously agree with respect to at least one of the three categories of knowledge the defendant had.

> Adapted from the charges of the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (S.D.N.Y. 2005); see also 18 U.S.C. § 2339B(a)(1) (current version) (defining "terrorism" and "terrorist activity" by reference to 8 U.S.C. § 1182(a)(3)(iii) and 22 U.S.C. § 2656f(d)(2)).

- 48 -

Defense Request No. 1

In order to prove a violation on Count Two, the government must also prove beyond a reasonable doubt that the defendant knew or intended that the material support or resources – in this case, alleged to be weapons – would be provided to the Foreign Terrorist Organization identified in the Indictment, namely the FARC.

See 18 U.S.C. §2339B.

- 49 -

- 50 -

**REQUEST NO. 22**

**Count Two: Conspiracy to Provide Material Support or Resources
to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**Object of the Conspiracy**

**Jurisdiction**

For the purposes of this case, the Government must
also prove beyond a reasonable doubt that one of the following
jurisdictional requirements has been satisfied:

1)     after the conduct required for the offense
occurs an offender is brought into or found in the United
States, even if the conduct required for the offense occurs
outside the United States; or

2)     the offense occurs in or affects interstate
or foreign commerce.

For these purposes, the term "interstate or foreign
commerce" has the same definition I gave before for Count One.

The prosecution has satisfied its burden if you
find that it has proved beyond a reasonable doubt that either of
these two jurisdictional requirements has been satisfied.  As
part of your finding, you must unanimously agree as to which of
the two requirements, or both, has been satisfied.

> Adapted from the charges of the Honorable
> Loretta A. Preska in United States v. Sabir,

- 51 -

05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (S.D.N.Y. 2005); see 18 U.S.C. § 2339B(d)(1) (current version) (setting out jurisdictional elements).

**REQUEST NO. 23**

**Count Two: Conspiracy to Provide Material Support or Resources
to a Foreign Terrorist Organization (18 U.S.C. § 2339B)**

**Second Element:  Membership in the Conspiracy**

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy charged in Count Two existed, you must then consider whether the Government has also proved beyond a reasonable doubt that the defendant knowingly participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective – to provide weapons to FARC.

For these purposes, the term "knowingly" has the same definition I gave before for Count One.  And the same principles that I discussed for Count One regarding the nature of the defendant's knowledge and the duration and extent of the defendant's participation in the conspiracy apply to Count Two as well.

In sum, in order to satisfy the second essential element of Count Two of the Indictment, you must find that the government proved beyond a reasonable doubt that the defendant knowingly joined and participated in the conspiracy for the purpose of furthering its unlawful objective of providing

- 53 -

material support or resources, in this case allegedly weapons, to a foreign terrorist organization, alleged to be FARC in this case.

> Adapted from the charges of the Honorable Jed S. Rakoff in United States v. Umeh, 09 Cr. 524 (JSR) (S.D.N.Y. 2011); the Honorable John F. Keenan in United States v. Haouari, 00 Cr. 15 (JFK) (S.D.N.Y. 2001); and the Honorable Leonard B. Sand in United States v. Rios, No. 91 Cr. 914 (LBS) (S.D.N.Y. 1992).  See generally United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).

- 54 -

**REQUEST NO. 24**

**Venue**

In addition to the foregoing elements of the offenses, you must consider whether venue has been established within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester County (including the Westchester County Airport in White Plains), as well as other areas not relevant to this case.

I instruct you that venue has been established as to both Counts of the Indictment if you find that the point of entry where the defendant was first brought into the United States after being removed from Honduras was in the Southern District of New York.  Unlike all of the other elements of the offenses charged in Counts One and Two of the Indictment, which must be proved beyond a reasonable doubt, the Government is only

- 55 -

required to prove venue by a preponderance of the evidence; or

in other words, that it is more probable than not.

> Adapted from the charge of the Honorable Jed
> S. Rakoff in United States v. Umeh, 09 Cr.
> 524 (JSR) (S.D.N.Y. 2011).  See 18 U.S.C. §
> 3238.

**Comment [jld2]:** The defense objects to instructing the jury that venue need be proved only by a preponderance of the evidence.  The defense submits that venue is an essential element of the offenses, and, like all elements,  must be proved beyond a reasonable doubt.

**REQUEST NO. 25**

**Variance In Dates**

The Indictment refers to various dates.  As I have alluded to earlier, it does not matter if a specific event is alleged in the Indictment to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

For example, the Indictment alleges that the conspiracies charged in Counts One and Two existed from at least in or about July 2008 up to and including in or about July 2009.

It is not essential that the Government prove that the conspiracies started and ended at those specified times. Indeed, it is sufficient if you find that a conspiracy was formed and that it existed for some of the time within the period set forth in the Indictment.

However, you may consider to what extent to afford any weight to any such variance in dates, and whether any variance in dates has any effect on credibility of witnesses, or on whether the government has proved the elements of the offenses beyond a reasonable doubt.

- 57 -

Adapted from the charges of Honorable John F. Keenan in <u>United States</u> v. <u>Haouari</u>, 00 Cr. 15 (JFK) (S.D.N.Y. 2001); and the Honorable Edward Weinfeld in <u>United States</u> v. <u>Della Rocca</u>, 72 Cr. 217 (S.D.N.Y. 1972).

**REQUEST NO. 26**

**Government Informants**

There has been evidence introduced at trial that the Government used paid informants in this case.  I instruct you that there is nothing improper in the Government's use of paid informants. and, indeed, certain criminal conduct never would be detected without the use of such informants.  You, therefore, should not concern yourselves with how you personally feel about the use of paid informants., because that is really beside the point.  Put another way, your concern is to decide whether the Government has proved the each of the elements of the charged offenses guilt of the defendant bbeyond a reasonable doubt, regardless of whether evidence was obtained by the use of informants.

On the other hand, where paid informants testify, as they did here, their testimony must be examined with greater scrutiny than the testimony of an ordinary witness.  You should consider whether the informants received any benefits or promises from the Government which would motivate them to testify falsely against the defendant.  For example, they may believe that they will onlyreceive such benefits only if their work results in a criminal prosecution, or that they will

- 59 -

continue to receive these benefits only ~~if they produce evidence of criminal conduct~~if the investigation results in a conviction.~~.~~

If you decide to accept their testimony, after considering it in the light of all the evidence in the case, then you may give it whatever weight, if any, you find it deserves.  You should evaluate each paid informant separately, and may accept or reject all or any portions of each's testimony as you see fit based on the evidence, or lack of evidence, in the case.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-14.

**REQUEST NO. 27**

**Use Of Undercover Operations**

Law enforcement authorities often use undercover operations involving informants in attempting to enforce the law.  Such methods are not in any way forbidden by law.  Stealth and strategy are often necessary tools in the detection and prosecution of crime.  It is proper for an agent of law enforcement, including a paid informant, to pretend to be someone else and to offer either directly or through another informant to engage in unlawful activity.

The Government need not have any cause, reason or suspicion in order to make a person a target of an undercover operation. ~~It is permissible, for example, to target a person for an undercover operation because that person has a close relationship with another person whom the Government wishes to target.~~  The Government may not, however, target a person solely based on race, ethnicity or religion.

> See United States v. LaPorta, 46 F.3d 152, 159 (2d Cir. 1994);  United States v. Rubio, 709 F.2d 146, 151 (2d Cir. 1983); United States v. Emmert, 829 F.2d 805, 812 (2d Cir. 1987) (permissible to target person because person "was probably in a position" to know drug dealer).

- 61 -

Defense Instruction No. 2

(Use of In-Custody Informants)

The government has introduced the testimony of an in-custody informant as to a statement allegedly made by the defendant. This testimony is to be examined and weighed by you with care. Whether the in-custody informant's testimony has been affected by interest or prejudice against the defendant is for you to determine.  In making this determination, you should consider: (1)  whether the in-custody informant has received anything, or expects to receive anything, in exchange for his/her testimony;  (2)  any other case in which the in-custody informant testified or offered statements against an individual but was not called, and whether the statements were admitted in the case, and whether the in-custody informant received any deal, promise, inducement, or benefit in exchange for that testimony or statement; (3) whether the in-custody informant has ever changed his/her testimony; (4) the criminal history of the in-custody informant; and (5) any other evidence relevant to the in-custody informant's credibility.

Adopted by Illinois Capital Punishment Reform Study Report, October 28, 2010, available at http://www.icjia.state.il.us/public/pdf/dpsrc/CPRSC%20-%20Sixth%20and%20Final%20Report.pdf.

Field Code Changed

- 62 -

**REQUEST NO. 28**

**Use Of Recordings And Transcripts**

The Government has offered evidence in the form of audio and video recordings of conversations with the defendant and his alleged co-conspirators.  These recordings were made without the knowledge of the defendant, but with the consent and agreement of one of the other parties to the conversations.  The use of this procedure to gather evidence is ~~perfectly~~ lawful, and the Government is entitled to use the recordings in this case.

Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated. ~~, and that the Government's use of this evidence is entirely lawful.~~

You must, therefore, regardless of any personal opinions, give this evidence ~~full~~ consideration along with all the other evidence, or lack of evidence, in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant. However, as with

- 63 -

all the evidence and testimony, you may afford it whatever weight you choose in your deliberations.

In connection with these recordings, you heard testimony that the conversations were in Spanish. For that reason, it was necessary for the Government to obtain translations of the conversations into English. The transcripts of these conversations embody the testimony of the Spanish interpreter called by the Government to testify *[OR as stipulated by the Government and the defendants.]* It is the English translation of the transcript that is the evidence. I emphasize to you that even if you understand Spanish, it is still the English translation of the transcript that is the evidence and not the foreign language recordings. In addition, in case any of you speak Spanish, you may not second guess the interpreter. Remember that the jury is the ultimate fact-finder and, as with all of the evidence, you may give the transcripts such weight, if any, as you believe they deserve.

If you wish to view any of the transcripts, they will be made available to you during your deliberations.

> Adapted from the charges of the Honorable William H. Pauley, III in United States v. Rahman, 09 Cr. 442 (WHP) (S.D.N.Y. 2009); Honorable Loretta A. Preska in United States v. Gonzalez, 03 Cr. 1310 (LAP) (S.D.N.Y.

- 64 -

**Comment [jld3]:** Should the defense introduce tapes/transcripts, the same instruction should apply, and should mention the defense tapes/transcripts as well.

2007); the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); and the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), as well as from Sand, Modern Federal Jury Instructions, Instr. 5-10.  See also United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir. 1979) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder); United States v. Llinas, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because interpreter available to testify to accuracy).

**REQUEST NO. 29**

**Evidence Obtained Pursuant To Search**

You have heard testimony about evidence that was seized in various searches, including searches of e-mail accounts.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is ~~entirely~~ lawful.

You must, therefore, regardless of your personal opinions, give this evidence ~~full~~ consideration along with all the other evidence, or lack of evidence, in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.  Again, the weight of such evidence, if any, is for you to decide.

> Adapted from the charge of the Honorable
> Pierre N. Leval in United States v. Ogando,
> 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968
> F.2d 146 (2d Cir. 1992).

**Comment [jld4]:** Searches are either lawful or not.  There is no greater level of "lawfulness" that applies.  The same is true with respect to the earlier instruction in which the defense proposed deleting the modifier "perfectly"  with respect to "lawful."

- 66 -

**REQUEST NO. 30**

**Particular Investigative Techniques Not Required**

**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  ~~The Government is not on trial.  Law enforcement techniques are not your concern.~~

Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt for each Count.

However, while the government is not *obligated* to employ any particular technique, you may consider the absence of any particular technique in evaluating the evidence, or lack of

- 67 -

evidence, in the case.  Once again, the weight, if any, to be afforded to the absence of any investigative techniques is for you to determine.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 4-4; and from the charges of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

- 68 -

**REQUEST NO. 31**

**Statements Of The Defendant**

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the statements such weight as you feel they deserve in light of all the evidence, or lack of evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that the statements were ~~both made and~~ obtained in a lawful manner, and that no one's rights were violated and that the Government's use of this evidence is ~~entirely ll~~awful.

> Adapted from Sand, Modern Federal Jury Instructions, 5-19 and 5-20, and from the charge of the Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

**Comment [jld5]:** The defense reserves the right to ask for an instruction with respect to the voluntariness of any of Mr. Yousef's alleged statements, and will inform the Court once any such decision is made (whether to ask for such instruction).

- 69 -

**REQUEST NO. 32**

**Preparation Of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, you should keep in mind that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without having such a consultation beforehand.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable
Michael B. Mukasey in United States v. Abdul

- 70 -

Latif Abdul Salam, 98 Cr. 208 (MBM)
(S.D.N.Y. 1999).

- 71 -

**REQUEST NO. 33**

**Stipulation Of Facts**

In this case you have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You should regard such agreed facts as true.  However, the weight to be afforded those facts is for you to determine.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 5-6.

- 72 -

**REQUEST NO. 34**

**Stipulation of Testimony**

**[If Applicable]**

In this case you have also heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-7.

- 73 -

**REQUEST NO. 35**

**Persons Not On Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant, from the fact that any person in addition to the defendant is not on trial here.  You also may not speculate in any way as to the reason or reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-4.

- 74 -

**REQUEST NO. 36**

**Defendant's Testimony**

**[Requested Only If the Defendant Testifies]**

A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and a defendant is presumed innocent.  In this case, the defendant did testify and was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> See United States v. Brutus, 505 F.3d 80, 88 & n.7 (2d Cir. 2007); United States v. Gaines, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

- 75 -

**REQUEST NO. 37**

**Defendant's Right Not to Testify**

**[If Requested by Defense]**

> Comment [jld6]: The defense will inform the Court at the appropriate time whether it wants any instruction with respect to the defendant's right not to testify.

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial.   It never shifts to a defendant.   In our system, a defendant is not required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.   No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.   You may not consider this against the defendant in any way.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21.

- 76 -

**REQUEST NO. 38**

**Acts and Statements of Co-conspirators**

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the Government charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

- 77 -

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in a particular Count of the Indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

Also, you may not use any co-conspirator's statements or conduct to determine whether the defendant intended to join the conspiracy. That determination is to be based solely on the defendant's actions and statements.

- 78 -

Adapted from Sand, <u>Modern Federal Jury</u>
<u>Instructions</u>, Instr. 19-9.

- 79 -

**REQUEST NO. 39**

**Character Testimony**

**[If Applicable]**

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crimes charged.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge). A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. See id. (strongly criticizing such charges as "potentially misleading and confusing").

- 80 -

<u>REQUEST NO. 40</u>

<u>Uncalled Witness Equally Available To Both Sides</u>

<u>[If Applicable]</u>

> **Comment [jld7]:** The defense will inform the Court at the appropriate time whether this instruction is adequate, or whether it needs adjustment as a result of developments at trial.

There are people whose names you heard during the course of the trial, but who did not appear here to testify.  I instruct you that all parties had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

- 81 -

**REQUEST NO. 41**

**Law Enforcement Witnesses**

You have heard the testimony of various members of law enforcement.  The fact that a witness may be employed by the Government, [or by a foreign government,] as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case, or other bias, or by failure of recollection.

It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the law enforcement or Government employee witness, in whole or in part, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 7-16.

- 82 -

REQUEST NO. 42

Limiting Instruction: Other Act Evidence

[If Applicable]

Comment [jld8]: The defense would like any instruction with respect to evidence admitted pursuant to Rule 404(b), Fed.R.Evid., to be delivered to the jury at the time the evidence is admitted as well as during the closing charge.

The Government has offered evidence tending to show that on a different occasion the defendant engaged in other acts which you may conclude bear upon your consideration of the acts that are charged in the Indictment.  Specifically, the Government has offered evidence tending to show that the defendant [*INCLUDE DETAIL AS APPROPRIATE*].

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment.  Accordingly, you may not consider this evidence of other acts as a substitute for proof that the defendant committed the crimes charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the other acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

Let me discuss that limited purpose:

If you determine that the defendant committed the acts charged in the Indictment and the other acts as well, then you may, but need not, draw an inference that in doing the acts

- 83 -

charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reason.  You may also, but need not, draw an inference that the defendant had a motive, opportunity and plan to commit the acts charged in the Indictment.  Thus, you may consider these other acts – namely, [*PROVIDE DETAIL*] – in determining whether the defendant acted with knowledge and intent in this case, and whether the defendant had a motive, opportunity and plan to commit the acts charged in the Indictment.

Evidence of other acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the acts charged in the Indictment.

> Adapted from the charge of the
> Honorable John F. Keenan in United
> States v. Carrero, 91 Cr. 365 (S.D.N.Y.
> 1991); and Sand, Modern Federal Jury
> Instructions, Instr. 5-25; see United
> States v. Pitre, 960 F.2d 1112, 1119

**Comment [jld9]:** The defense respectfully submits that the government should be compelled to elect under which part of Rule 404(b) it seeks to introduce the particular evidence, and the Court should rule on those particular requests, which should be reflected in the instruction to the jury.

(2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**REQUEST NO. 43**

**Punishment Is Not To Be Considered By The Jury**

In determining whether the Government has proven the charges beyond a reasonable doubt, you should not consider the question of possible punishment, in the event you are to find the defendant guilty on one or both Counts.  Under our system, sentencing or punishment is exclusively the function of the court.  It is not your concern and you should not give any consideration to that issue in determining what your verdict will be.

Therefore, I instruct you not to consider

- 85 -

punishment or possible punishment at all in your deliberations

in this case.

> Adapted from Sand, <u>Modern Federal Jury</u>
> <u>Instructions</u>, Instr. 9-1.

**REQUEST NO. 44**

**Sympathy: Oath As Jurors**

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves as you sift through this evidence is:  Has the Government proven its case beyond a reasonable doubt?  You are to determine this solely on the basis of the evidence, and lack of evidence, and subject to the law as I have charged you.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 2-12.

- 87 -

**REQUEST NO. 45**

**Right To Hear Testimony;
Communications With The Court; Note-Taking**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, please ask for them.  If you want any of the testimony read to you, or given to you in hard copy, that can be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony which you may want.

Your requests for exhibits or testimony – in fact, any communications with the court – should be made to me in writing, signed by your foreperson, and given to one of the Marshals.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  In any communication, please do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

Some of you have taken notes during parts of the trial.  Please recall my earlier instruction regarding note-taking.  Notes can be useful to focus a note-taker's attention,

- 88 -

and may aid the recollection of the note-taker.  Note-taking may, however, distract a note-taker from hearing or seeing other important evidence.  Notes should be used solely to refresh the note-taker's recollection of the testimony, and are not a substitute for the transcript of the testimony, which has been taken down verbatim by the court reporter.  Just because one juror has taken notes does not mean the notes are any more accurate than any other jurors' recollection.  And please remember that if notes were taken during the lawyers' arguments, the lawyers' arguments are not evidence.

- 89 -

**REQUEST NO. 46**

**Verdict Must Be Unanimous**

Your function now is to weigh the evidence in this case and to determine whether the Government has proven the elements of each of the offenses charged ~~its case~~ beyond a reasonable doubt.

You must base your verdict solely on the evidence and these instructions as to the law.  You are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without ~~violence to~~abandoning your individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence, or lack of evidence, in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and to change an opinion if you become convinced that it is

- 90 -

mistaken.  But do not surrender your honest conviction as to the weight or effect of evidence, or lack of evidence, solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges — judges of the facts.  Your sole interest is to determine, from the evidence, or lack of evidence, in the case whether the government has proved each of the elements of the charged offenses beyond a reasonable doubt.seek the truth from the evidence in the case.  Remember that your verdict must be rendered without fear or favor, and without prejudice or sympathy.

You are free to select any foreperson you like. The foreperson will preside over your deliberations, and will be your spokesperson here in court.  That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.  During your deliberations, please communicate with the court only in writing and only through your foreperson.

Dated: New York, New York
       ————May 2, 2012

                              Respectfully
                    submitted,

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States
of America


By:
JEFFREY A. BROWN
JENNA M. DABBS
Assistant United States Attorneys

(212) 637-1110/2212

- 92 -