UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

       -v.-                         :     S4 08 Cr. 1213 (JFK)

JAMAL YOUSEF,                       :
    a/k/a "Talal Hassan Ghantou,"
                      :

       Defendant.

                      :
- - - - - - - - - - - - - - - - - - - -x


## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS


PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America


JEFFREY A. BROWN
JENNA M. DABBS
Assistant United States Attorneys
   - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

         -v.-                      :     S4 08 Cr. 1213 (JFK)

JAMAL YOUSEF,                      :
     a/k/a "Talal Hassan Ghantou,"
                                  :
             Defendant.
                                  :

- - - - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S PROPOSED EXAMINATION
### OF PROSPECTIVE JURORS

          The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.  The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate.  If further questions might influence other prospective jurors, or might prove embarrassing to the juror, the Government requests that such questioning take place at the bench or in the robing room.  The Government further requests that all follow-up questioning conclude with an inquiry whether the particular fact or circumstances would influence the juror in favor of, or against, either the Government or the defendant.

### The Charges

          1.  This is a criminal case.  The defendant, JAMAL

2

YOUSEF, a/k/a "Talal Hassan Ghantou," has been charged with the commission of a number of federal crimes in a two-count Indictment returned by a Grand Jury sitting in this District. The Indictment is not evidence, and is not proof of a crime. It is merely a document that specifies the criminal charges against the defendant. Those of you who are selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would like to give you a brief summary of the charges now, so that we can determine whether there is anything about the charges that would make it impossible for you to sit as a fair and impartial juror. After I summarize the charges, I will ask a series of questions. If you have an affirmative response to any of my questions, and would feel uncomfortable responding in open court, let me know and I will hear your answer at the bench or in the robing room.

2. Count One of the Indictment charges the defendant with conspiring, in Honduras in 2008, to engage in an illegal narcotics transaction, knowing or intending to provide something of pecuniary value to a terrorist organization; namely, the Fuerzas Armadas Revolucionarias de Colombia (or "FARC"). Count Two charges the defendant with conspiring to provide material support or resources to a foreign terrorist organization; namely, the FARC.

3. Do any of you have any personal knowledge of the

charges in the Indictment as I have described them?  Have you read or heard anything about this case?  If so, is there anything that you have read or heard that would cause you to feel that you cannot decide the facts of this case fairly and impartially?

### Nature Of The Charges

4.   As I explained earlier, the defendant in this case is charged with, among other things, agreeing to commit narcotics and terrorism offenses.  Specifically, the defendant is charged with agreeing to provide weapons to a terrorist organization in exchange for narcotics.  Do any of you feel that you could not view fairly and impartially a case involving such charges?  Has anyone formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

5.   The Government alleges that the defendant agreed to provide material support, in the form of weapons and other related items, to a specific terrorist organization - the Fuerzas Armadas Revolucionarias de Colombia (or "FARC").  The FARC is an international terrorist group dedicated to the violent overthrow of the democratically elected government of Colombia.  The FARC has been designated by the United States Secretary of State as a foreign terrorist organization.  Do any of you have views about the FARC in particular which might make it difficult for you to be fair and impartial in this case?  Have any of you formed a

view as to whether the FARC is appropriately identified by the United States Government as a terrorist organization?

6.    During this case, you may also hear references to Hezbollah.  Do any of you have views about Hezbollah which might make it difficult for you to be fair and impartial in this case?

7.    As I will explain in more detail later, the defendant is charged with two counts of conspiracy, or agreeing to commit a crime.  Agreeing to commit a crime is itself a crime. Does any juror feel that the law should not separately prohibit agreements to commit crimes, as opposed to the commission of the crimes themselves, even if the underlying crime is not successfully completed?

8.    Do any of you have any opinion about the enforcement of federal laws – in particular, the enforcement of federal narcotics trafficking or terrorism laws – that might prevent you from being fair and impartial in this case?  Do any of you believe that any of these crimes should not be illegal or that such laws should not be enforced?  Do any of you have any opinions or beliefs about the enforcement of these or other federal laws that might prevent you from being fair and impartial in this case?

9.    This case involves conduct that occurred overseas. Would any of you have any difficulty following my instructions on the law regarding the application of criminal laws to conduct

that solely occurs outside the United States?  Do any of you have any feelings that United States law enforcement personnel should not be involved in the investigation of international drug trafficking and terrorism?

10.  Has any juror been involved in an offense involving narcotics trafficking or terrorism?  Has any juror's relative, close friend or associate been involved with such offenses?  Has any juror, or any member of a juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with respect to narcotics trafficking or terrorism?

### Knowledge Of Trial Participants

11.  Do any of you know, or have you had any direct or indirect dealings with the defendant, JAMAL YOUSEF, a/k/a "Talal Hassan Ghantou"?  [Please ask the defendant to stand.]  Do any of you know, or have you had any direct or indirect dealings with any relatives, friends, or associates of the defendant?

12.  To your knowledge, do you have any relatives, friends, associates, employers, or employees who know, or who may have had any dealings with, the defendant, or with any relatives, friends or associates of his?

13.  The Government is represented officially here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Preet

Bharara.  Do any of you know Mr. Bharara?  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jeffrey Brown and Jenna Dabbs.  They will be assisted by Special Agent Greg Ball of the United States Drug Enforcement Administration, and Noha Moussa, a paralegal in the United States Attorney's Office. [Please ask each to stand.]  Do any of you know Jeffrey Brown, Jenna Dabbs, Greg Ball, or Noha Moussa?  Have any of you had any dealings, either directly or indirectly, with any of these individuals?

14.  The defendant is represented by Melinda Sarafa and Joshua Dratel.  [Please ask Ms. Sarafa and Mr. Dratel to stand.]  Do any of you know either of these attorneys?  Have any of you had any dealings, either directly or indirectly, with either of them?

15.  I am now going to give you a list of additional names of people, entities, and locations that may be mentioned during the trial.  When I am finished, please raise your hand if you know any of the people, entities, or locations I name, or if you have had any direct or indirect dealings with them.

**[A list of witnesses and other people, entities, and locations likely to be mentioned during the trial will be supplied prior to voir dire.]**

16.  Do any of you have relatives, friends, associates, employers, or employees who, to your knowledge, either know or have had some dealings with any of these individuals, businesses,

7

or specific locations?

## Relationship With Government

17.  Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York; or with any member of the staff of the United States Drug Enforcement Administration ("DEA"); or with any member of the staff of the Federal Bureau of Investigation ("FBI"); or with any other law enforcement agency?

18.  Is any member of your family employed by a law enforcement agency, whether federal, state, or local?

19.  Have you, or has any member of your family -- either as an individual or in the course of his or her business -- ever been a party to any legal action or dispute with the United States or any department, agency, or employee of the United States, or the DEA or FBI, or had any interest in any legal action or dispute with the U.S. Government, such as an income tax dispute?

20.  Have any of you, either through any experience you have had, or anything you have seen or read, developed any bias or prejudice for or against the United States Attorney's Office, the DEA, the FBI, or any other federal, state, or local government agency or office?

8

### Prior Jury Service

21.  Have you ever served as a member of a grand jury, whether in federal, state, or county court?  If so, when and where?

22.  Have you ever served as a juror in a trial in any court?  If so, in what court did you serve and was it a civil or criminal case?  What type of case was it?  Without telling us what the verdict was, please tell us whether the jury reached a verdict in that case.

### Experience As A Witness, Defendant, Or Crime Victim

23.  Have you, or has any relative or close friend of yours ever been involved, or appeared as a witness, in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or Governmental agency?

24.  Have you or has any relative or close friend of yours ever been a witness or a complainant in any hearing or trial, whether federal, state or local?

25.  Are you, or is any member of your family or close friend, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

26.  Have you or has any member of your family, any associate, or close friend, ever been charged with a crime?

27.  Have you or has any relative, associate, or close

friend ever been the subject of any investigation or accusation by any federal or state Grand Jury?

28.    Have you, or has any friend or relative of yours, ever been a victim of a crime of any kind?

### Ability To Render Fair Verdict

29.    Law Enforcement Personnel.    The witnesses in this case will include, among others, agents with the DEA, the FBI, and possibly other law enforcement personnel.    Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?    Do you have any personal feelings or experiences concerning law enforcement witnesses that would in any way affect your ability to be fair and impartial in this case?

30.    Investigative Techniques.    This case involved an investigation in which paid confidential informants, working for the Drug Enforcement Administration and acting at the direction of its agents, posed as members of a terrorist organization who were interested in purchasing weapons from the defendant and others, and who offered to pay for those weapons with cocaine. The use of informants is proper and legal and is often a necessary law enforcement tool.    Do any of you object to the use of this investigative technique?    Do any of you feel that you could not view fairly and impartially a case involving this investigative technique?

31.  <u>Use of Recordings and Transcripts</u>.  Some of the evidence in this trial will come in the form of conversations obtained via consensual recordings.  These conversations were recorded without the defendant's consent.  I instruct you now that this type of evidence does not violate the rights of the defendant, and that it is perfectly proper for this type of evidence to be introduced at trial for your consideration.  With that in mind, does any juror have any feelings about the use of recorded conversations that would make it difficult for you to consider such evidence fairly and impartially as you would any other evidence?  The recorded conversations were in Spanish.  For that reason, it was necessary for the Government to obtain translations of the conversations into English.  Even if you understand Spanish, you may not second guess the translations.  Would any of you have difficulty following this instruction?

<b><u>Persons Not On Trial</u></b>

32.  The defendant here is charged with acting with others, some of whom are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

## Problems With Perception

33. Do any of you have a problem with hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

34. Do any of you take medication which would prevent you from giving full attention to all the evidence at this trial?

35. Do any of you have any difficulty reading or understanding English?

## Individual Juror's Background

36. The Government respectfully requests that the Court ask each juror to provide the following information:

    a. the juror's current county of residence and prior counties of residence during the last five years;

    b. the juror's educational background, including the highest degree obtained;

    c. the juror's occupation;

    d. the name and location of the juror's employer;

    e. the period of employment with that employer;

    f. the same information concerning other employment of the juror within the last five years;

g.    whether the juror has other members of his/her household;

h.    the occupations of other adult members of the juror's household and of any children of the juror who are employed;

i.    the newspapers and magazines read regularly by the juror; and

j.    the television programs watched regularly by the juror.

**<u>Function Of The Court And Jury</u>**

37.   The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law you must take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think the law should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.  Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of the law that I will give you in this case?

38.   Do any of you have any legal training, or have any relative or close friend who is an attorney?  If so, would this

13

for any reason prevent you from applying the law in this case as stated by the Court?  Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as jurors?

39.   Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty?

40.   It is not a particularly pleasant duty to sit in judgment of another individual and to find that individual guilty of committing a crime.  Is there anyone who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict because of your own personal convictions or for any other reason unrelated to the law and the evidence?

41.   Under your oath as jurors you are not to be swayed by sympathy.  Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to the guilt or innocence of the defendant?  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I will charge you.  Will you accept my instruction that you are not to be swayed by sympathy of any kind?

14

42.   Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

43.   In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

### Requested Instruction Following Impaneling Of The Jury

44.   From this point on, until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your own family and friends.

45.   If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me, and to no one else, including your fellow jurors.  In this regard, please let me

explain to you that the attorneys and the defendant are not supposed to speak with any juror, even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will and should ignore you.  Please do not take offense.  They will only be acting properly by doing so.

46.  If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror.  Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say.  Of course, I do not expect anything unusual or improper to happen.

Dated:    New York, New York
          May 2, 2012

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for the United States
                              of America


                      By:    _____
                              Jeffrey A. Brown
                              Jenna M. Dabbs
                              Assistant United States Attorneys
                              Tel.:  (212) 637-1110/2212

16