IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

United States of America

v                                           Orig Case No. 53-08-CR-1213-JFK

Jamal Yousef

## Motion to Vacate Under 28 U.S.C. §2255

Cames now Movant, Jamal Yousef (hereafter "Yousef"), pro
se, filing this motion to vacate his conviction for lack of sub-
ject matter jurisdiction pursuant to 28 U.S.C. §2255. As Yousef
is a pro se litigant with no legal training and limited re-
sources, he is not to be held to the same standards as a profes-
sional lawyer, but is to have liberal treatment, Abbas v Dixon, 480 F.3d
636, 639 (2nd. 2007).

## Timeliness of Motion

Under 28 U.S.C. 2255(f)(3), a Movant has one year to file
from thedate of a retroactive Supreme Court decision. On February
21, 2018, the Supreme Court decided Class v U.S., 200 LEd 2d 37.
This motion is within that year.

Class decided that the legality of a statute is a juris-
dictional requirement that may still be raised on appeal, even
after a plea. Jurisdictional cases are generally retroactive,
Montgomery v Louisiana, 193 LEd 2d 599, 617-18(2016), as the whole
point of habeas at its conception was to challenge jurisdictional

(1)

defects, Stone v Powell, 428 US 465, 475-76(1976).

As this is of a generally retroactive class, the lower court may recognize its retroactivity by the logical application of the prior cases, see Tyler v Cain, 533 US 656, 666(2001); Herrera-Gomez v U.S., 755 F.3d 142, 146 (2nd, 2014).

### Factual Background

As even the Government admits, Yousef was in prison in Honduras on unrelated charges during the alleged conspiracy. A Government agent had contact with two unnamed and unindicted cospirators who claimed to be working on Yousef's behalf. These two men agreed to sell various military weapons to the agent, who was pretending to represent F.A.R.C., which they claimed had been stolen from Iraq, in return for several kilograms of heroin to be shipped to Norway.

Though no weapons were ever uncovered, federal prosecutors in New York sought indictment of only Yousef on Narco-terrorism charges. The actual face to face conspirators were not sought. After superceding the indictment three times, Yousef was arrested in 2009 in Honduras after he was released from prison. He was extradicted to New York to stand charges.

Through counsel, Melina Sarafa, Yousef moved to have the indictment dismissed on the lack of a temporal nexus to either the United States or any of its interests. This motion was denied on a nebulous connection to the drug trade in general, which undermines United States drug enforcement efforts in general. Also relied upon was extraneous comments about fear of the FBI and DEA, showing the conspirators believed they could face federal prosecution, U.S. v Yousef, 2010 US Dist LEXIS 86281 (SD NY, 2010).

A motion for reconsideration was filed, and denied, two years later, U.S. v Yousef, 2012 US Dist LEXIS 28964 (SD NY, 2012).

After three years in federal custody, Yousef pled guilty to providing material support to a terrorist group. He was sentenced to 15 years, but given a three year reduction for health problems. Despite the plea, Yousef appealed, correctly arguing that the lack of a temporal nexus deprived the district court of jurisdiction over the offense. The 2nd Circuit disagreed, holding that 18 U.S.C. §3231 "was the beginning and the end" of the inquiry, and Yousef's challenge to the nexus was a technical defect in the indictment, waived by his plea, U.S. v Yousef, 750 F.3d 254, 259 (2nd, 2013). The 2nd Circuit seemingly accepted that there was, in fact, no nexus.

In February of 2018, the Supreme Court addressed this issue in Class, and, directly overruling all Circuits holding to the contrary, held that whether the statute is constitutional is a jurisdictional question. Now, Yousef comes, reraising the issue.

## Argument

A person, by pleading guilty, does not waive a claim that a statute is unconstitutional, Class, at 42 (citin Haynes v U.S.,390 US 85, 87 n2 (1968)), as this implicates the very power of the state to try him. Every defendant retains the right not to be haled into court at all on a charge which the state lacks the power to prosecute, no matter how validly his guilt is established, id, at 43 (citing Menna v New York, 423 US 61, 63 & n2 (1975)).

Obviously, by pleading guilty, Yousef has forfeitted the right to contest the factual elements of his plea. Yet, if the United States Government may not try him for his actions, these whil-

(3)

are of no import. If Yousef's actions do not constitute a crime against this country, or if the federal government otherwise lacks the power to criminalize his actions, he must be released, even if his admissions to those actions stand.

Federal jurisdiction is limited, not general, Wright v Musanti, 887 F.3d 577, 583 (2nd, 2018). Courts only have power authorized by Congress and the Constitution. To grant the power to the Courts, Congress must possess it itself, Interstate Commerce Com v Harriman, 157 F 432, 435 (2nd, 1908).

Even in this country, Congress has no general power to criminalize felonies. Actions that occur wholly within a state may not be made an offense against the nation unless they fall within one of the matters trusted to federal power, Bond v U.S., 189 LEd 2d 1, 10 (2014)(citing U.S. v Fox, 95 US 670, 672(1878)).

Here, we deal with actions outside the country, traditionally outside the authority of the government, Dohda v U.S., 200 LEd 2d 842, 848 (2018). The power of Congress outside the territorial United States is extremely limited, especially regarding other sovereign nations. There must be some sizeable interest that is within Congress' power to confer extra-territorial authority, for none is granted by the Constitution, outside of crimes on the high seas.

No such nexus has been identified here. Yousef was certainly not an American citizen, nor was he in American territory. Honduras is not a protectorate or territory of this country. FARC has not been a threat to U.S. interests in a long time, if ever, Hernandez v Sessions, 884 F.3d 107, 116 (2nd, 2017). Whatever interests America has in regards to drugs within its own borders, the drugs

(4)

here are not to be shipped to or through this country, but were alleged to go to Norway. And, as noted in the reconsideration, despite some bluster by the conspirators as to stolen U.S. weapons, the Government itself admitted there was no credible evidence to suggest it was true.

In short, no interests of this country were involved. On the face of the record, this is a charge beyond the power of the federal government to prosecute. If Honduras or Norway had decided to prosecute, that would have been their priority, but America has no legal standing to do so. And, indeed, the 2nd Circuit acknowledged there was no nexus.

Yousef timely and consistently raised this objection, both through trial and on appeal. The Court of Appeals rationale behind dismissing the admittedly valid claims has now been rejected by the Supreme Court. Without the proper nexus, there was no legal power to exercise jurisdiction and the judgment is void, Hoffler v Bezio, 726 F.3d 144, 159 (2nd, 2012). It may not be left in place, Montgomery at 616.

The only remaining rationale raised is that, since the co-conspirators talked about their fear of the FBI and DEA, that prosecution was "foreseeable." This is merely a version of the often rejected defense that a defendant can by consent, or knowledge, or failure to object, confer jurisdiction that otherwise does not exist. This cannot be done, New York v Shinnecock Indian Nation, 686 F.3d 113,138 (2nd, 2011). Regardless of fear of American prosecution, if the power to prosecute does not exist, it may not be exercised. This is especially true as Courts have routinely held that the subjective beliefs of the parties are irrelevant in

determining jurisdiction. <u>Waldman v PLO</u>, 835 F.3d 317, 338 (2nd, 2016); <u>U.S. v Epskamp</u>, 832  F.3d 154, 167 (2nd, 2016).

<u>Conclusion</u>

The lack of jurisdiction in this case is plain. Yet, it was ignored in this case based on a plainly erroneous view of the law that has since been directly repudiated by the Supreme Court. Since it is a miscarriage of justice to leave Yousef in prison on a void conviction, he must respectfully insist the conviction be vacated as the nullity it is.

Respectfully Submitted, this ____ day, December, 2018,

Jamal Yousef                    03-01-19
#62604-054
MCFP Springfield
P.O. Box 4000
Springfield, MO. 65801

(6)

Jamal Yousef

Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, Missouri 65801-4000

RECEIVED
2019 JAN 11 PM 2:28
CLERK'S OFFICE
S.D.N.Y.

SPRINGFIELD MO
08 JAN 2019 PM

CRIM.
Docketing E.K.

Daniel Patrick Moynihan US Courthouse
500 Pearl St. Room 120
New York, NY 10007

10007-131699